

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN LEON SMITH,**

    Plaintiff,

v.                                                        Civil Action No. **3:13CV564**

**SGT. PARCELL**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Kevin Leon Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered October 15, 2014, the Court directed Smith to file a particularized complaint because "Plaintiff [did] not identify the particular constitutional right that was violated by the defendant's conduct." (ECF No. 13, at 1.) Smith filed a Particularized Complaint that adds Defendant Wolf as a party to the action, and partially corrects the deficiency identified by the Magistrate Judge. ("Complaint," ECF No. 16.) Smith contends that, *inter alia*, Defendants Parcell and Wolf, officers with the Chesapeake Sheriff's Department, violated Smith's rights by forcibly taking a DNA sample from Smith. The matter is

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

before the Court on the Court's authority to dismiss inadequate claims by prisoners under 28 U.S.C. § 1915(e)(2).[2] For the reasons stated below, the Court will DISMISS the action.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

---

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. 1915(e)(2).

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The sum of Smith's allegations is as follows:[3]

> 1) On or about January 25th, 2014, I was brought down to the booking/intake department of the Chesapeake City Jail to meet with a Detective Samuel Jerrome of the Virginia Beach Police Department.
> 2) Once I arrived at the booking/intake department and Mr. Jerrome identified himself as a police officer and stated he wanted to interview me and retrieve a DNA (buccal swab) sample. I immediately requested to have my attorney present and have medical personnel present to retrieve the DNA (buccal swab) method sample.
> 3) Mr. Jerrome turned and went to the Sgt's desk and brought over Deputy Sargent Parcell and Deputy Officer Wolf.
> 4) Sargent Parcell pulled out his taser gun and pointed it at me and said that I had no choice in this matter but to comply and if I choose to continue to request my lawyer that he was going to tase me and then his Officer Deputy Wolf was going to take it from me.
> 5) I continued again requesting my lawyer present, and then I was assault when I was knocked to the ground and Deputy Wolf went inside my mouth forcibly and took multiple cotton swab samples.

---

[3] The Court corrects the capitalization, spelling, and punctuation in quotations from Smith's submissions.

3

CONSTITUTIONAL RIGHTS VIOLATED

a) In section 4), Sargent Parcell threatened force upon me if I didn't follow his command. Under the Sheriff's Department's care, I'm expected not to be harmed or threatened bodily harm . . . I should be protected from all . . . foreign threats or physical harm. (Not sure which constitutional violation this is cause I don't have law books).

b) In section 5) Sgt. Parcell never displays the search warrant for the retrieval of the DNA. Deputy Wolf never displayed a search warrant for the retrieval of DNA. Again, I request my lawyer, because this was still an interrogation. This would be a 4th Amendment violation for Sgt. Parcell. A 5th Amendment violation for Deputy Wolf plus the assault charge when he forced himself on me.

(Compl. 1–2.) Smith demands monetary damages. (*Id.* at 2.)

The Court generously construes Smith to raise the following claims for relief:[4]

Claim One: Defendants violated Smith's rights under the Fourth Amendment[5] by taking Smith's DNA sample without a warrant.[6]

Claim Two: Defendants violated Smith's Fifth Amendment rights by: (a) forcibly taking a DNA sample from Smith; and (b) continuing to speak to Smith after he invoked his right to have an attorney present.[7]

---

[4] While Smith identifies only one constitutional violation for each defendant, out of abundance of caution, the Court analyzes all three claims as if Smith named both Defendants.

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend IV.

[6] Although Smith fails to specifically invoke the Fourth Amendment, his reference to Defendant's failure to obtain a search warrant to obtain the DNA sample calls to mind that amendment. *Cf. Martin v. Gentile*, 849 F.2d 863, 867–68 (4th Cir. 1988) (observing that facts pled by *pro se* plaintiff were "sufficient to make out a cognizable claim" despite "no specific reference" to appropriate constitutional amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972))).

[7] The Fifth Amendment provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; *nor shall be compelled in any criminal case to be a witness against himself*, nor be deprived of life, liberty, or property,

Claim Three: Defendants' forcible taking of DNA constituted an assault in violation of: (a) the Due Process Clause of the Fourteenth Amendment; and (b) state law.

### III. ANALYSIS

By Memorandum Opinion and Order entered January 16, 2015, the Court dismissed a very similar complaint filed by Smith, raising alleged constitutional violations stemming from the forcible taking of a DNA sample on a different date by different defendants. *See Smith v. Weir*, No. 3:13CV637, 2015 WL 236832, at *1–4 (E.D. Va. Jan. 16, 2015).

#### A. Fourth Amendment

In *Maryland v. King*, 133 S. Ct. 1958 (2013), the Supreme Court concluded that:

> In light of the context of a valid arrest[8] supported by probable cause respondent's expectations of privacy were not offended by the minor intrusion of a brief swab of his cheeks. By contrast, that same context of arrest gives rise to significant state interests in identifying respondent not only so that the proper name can be attached to his charges but also so that the criminal justice system can make informed decisions concerning pretrial custody. Upon these considerations the Court concludes that DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure. When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.

*Id.* at 1980. Thus, the taking of a DNA sample from Smith, without a warrant, fails to state a claim for the violation of Smith's rights under the Fourth Amendment. Accordingly, to the extent Smith seeks to raise a Fourth Amendment claim, it will be DISMISSED.

---

without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V (emphasis added). Although Smith is less than clear about how Defendants' actions violated his rights under the Fifth Amendment, the Court deems Smith to assert that his privilege against self-incrimination was violated by the actions described above.

[8] Smith fails to suggest any deficiency with his initial arrest.

5

### B. Fifth Amendment

The privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (citations omitted) (internal quotation marks omitted). "It is well established that collection of DNA evidence is not testimonial and therefore does not implicate the Fifth Amendment." *United States v. Ketter*, 456 F. App'x 293, 296 (4th Cir. 2011) (citing *Schmerber v. California*, 384 U.S. 757, 761–65 (1966)). Accordingly, this aspect of Smith's Fifth Amendment claim lacks merit and Claim Two (a) will be DISMISSED.

In *Chavez v. Martinez*, 538 U.S. 760 (2003), a plurality of the Supreme Court held that "[s]tatements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self–Incrimination Clause occurs." *Id.* at 767 (internal citations omitted). Here, Smith "does not allege any *trial* action that violated his Fifth Amendment rights; thus, *ipso facto*, his claim fails on the [*Chavez*] plurality's reasoning." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (dismissing plaintiff's § 1983 claim where the complaint failed to indicate plaintiff's statements were used in a court proceeding). Accordingly, Claim Two (b) lacks merit and will be DISMISSED.

### C. Excessive Force

To the extent Smith seeks to bring a constitutional claim for the use of excessive force by Defendants, such a claim is governed by the Fourteenth Amendment. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013) (citation omitted). Under the Fourteenth Amendment standard, a plaintiff must show that the defendant "inflicted unnecessary and wanton pain and suffering upon the detainee." *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) (citations omitted) (internal quotation marks omitted), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). "The proper inquiry is whether the force applied was in a good faith effort

6

to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (citations omitted) (internal quotation marks omitted). Smith states in sum: "I was assault when I was knocked to the ground and Deputy Wolf went inside my mouth forcibly and took multiple cotton swab samples." (Compl. 2.) Smith's unadorned allegation is insufficient to support an inference that Defendants "inflicted unnecessary and wanton pain and suffering upon" Smith. *Carr*, 453 F.3d at 605 (citations omitted) (internal quotation marks omitted). Rather, considered in context, the Complaint suggests that Defendants merely employed some limited force in a good faith effort to obtain a buccal swab from Smith. *See Wilkins*, 559 U.S. at 38 (citation omitted) (internal quotation marks omitted) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.") Accordingly, Smith fails to adequately allege a Fourteenth Amendment claim for the excessive use of force and Claim Three (a) will be DISMISSED WITHOUT PREJUDICE.

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Smith's federal claim, the Court declines to exercise its discretion to retain Smith's state law claim for assault. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Claim Three (b) will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

Accordingly, Smith's claims will be DISMISSED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 3-24-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge